STITH
*vs.*
WINBUSH.

## STITH *vs.* WINBUSH.

APPEAL FROM THE COURT OF THE THIRD DISTRICT, THE JUDGE OF THE EIGHTH PRESIDING.

If one of the parties to a suit dies, after final judgment, the right of appeal devolves on his heirs or legal representatives, and without their consent, cannot be legally exercised by any other person, except those provided for by *art.* 571, *Code of Practice.*

The attorney cannot take an appeal, after the death of his client.

In this case, the appeal was taken by the attorney, after the death of the party: Whereupon, on motion to dismiss the appeal,

*Mathews, J.* delivered the opinion of the court.

The counsel for the appellee, moves to have this appeal dismissed on several grounds; one of which is, that it was taken in the name of the plaintiff, after his death.

The record shows, that judgment was rendered in the court below, on the third of June, 1831. The date of the petition for an appeal does not clearly appear; the order of the judge seems to have been made on the 16th of December, 1831. It is admitted, that at this period, the plaintiff in the original suit (who is here appellant) was dead, and that his counsel had knowledge of that fact, who notwithstanding, signed the name of said plaintiff, to the appeal bond as principal, and his own as surety.

This mode of proceeding, was held under our former laws to be correct, but they are repealed by the act of 1828, and we are compelled now to look for rules of practice, in courts of justice, to the new codes and acts of the legislature, subsequently passed. According to these laws, when one of the parties to a suit dies after issue joined, it continues between the surviving party, and the heirs or representatives of the deceased; *Code of Practice*, 361. Consequently, they may become parties to such suit. The same rule is applicable to proceedings in the court of appeals. And if one of the parties to a suit dies after final judgment in an inferior court, the right

If one of the parties to a suit dies after final judgment, the right of appeal devolves on his heirs or legal representatives and without their consent cannot be legally exercised by any other person except those provided for by *art 571 Code of Practice.*

of appeal devolves on his heirs or legal representatives, and without their consent, cannot be legally exercised by any other person, except those provided for by the *art.* 571 *of the Code of Practice.* See this *art. and arts.* 572–73.

We are of opinion, that the attorney in the present instance, had no right, as such, to take this appeal, after the death of his client.

It is, therefore ordered, adjudged and decreed, that it be dismissed, at his costs.